# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. KROLL,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C04-4065-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

   This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this appeal of denial by an administrative law judge ("ALJ") of Title II disability insurance benefits and Title XVI supplemental security income benefits. Judge Zoss determined that the ALJ erred in the first step of the sequential evaluation process in failing to find that Michael D. Kroll ("Kroll") suffered from a medically determinable impairment and is disabled due to an adjustment disorder. Judge Zoss noted that this failure to include Kroll's adjustment disorder appears to have been an inadvertent mistake by the ALJ. The Commissioner agrees that the ALJ should have evaluated Kroll's claim under Listing 12.05. The Commissioner argues that remand is appropriate to allow the ALJ to consider Kroll's claim under Listing 12.05.

   In his Report and Recommendation, Judge Zoss noted additional errors made by the ALJ. The ALJ failed to conduct a proper *Polaski* analysis before discounting Kroll's subjective complaints. *See Polaski v. Heckler*, 279 F.2d 1320 (8th Cir. 1984) (providing analysis for considering subjective complaints). The ALJ failed to fully and fairly develop

the record. The ALJ failed to consider all of the available evidence. Report and Recommendation, Doc. No. 11 at 35-38.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). However, in this case, no party has filed a timely objection nor has any party made a request for an extension of time to do so. Thus, the court concludes *de novo* review — required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) — is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir.1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed).

When considering a remand in a Social Security case, only two kinds of possible remands exist under § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 2164 (1991). Under sentence four of § 405(g), a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Commissioner's decision. *Id.* Under

sentence six of § 405(g), a district court may remand where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was not presented before the agency. *Sullivan v. Finkelstein*, 496 U.S. 617, 625, 110 S.Ct. 2658, 2664 (1990). Because the Commissioner did not request a remand prior to answering the complaint, and Kroll does not attempt to present new, additional evidence; and neither party has objected to the finding by Judge Zoss that this case should be remanded, although not stated, Judge Zoss is recommending remanding this case pursuant to sentence four of § 405(g). A sentence four § 405(g) remand must be accompanied by a final judgment affirming, modifying, or reversing the administrative decision. *Melkonyan*, 111 S.Ct. at 2165. A sentence four judgment is final except that it shall be subject to review in the same manner as a judgment in other civil actions. *Shalala v. Schaefer*, 113 S.Ct. 2625, 2629 (1993).

In this case, no objections have been filed and it appears to the court, upon review, that there is no ground to reject or modify the Report and Recommendation. Therefore, the court finds this action should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) with direction to the ALJ to properly evaluate Kroll's mental and physical residual functional capacity. The ALJ is directed to consider Kroll's claim, specifically, under Listing 12.05. The ALJ is also directed to obtain new consultative evaluations as these exams are necessary to develop a full and fair record. This case is remanded for further proceedings consistent with this opinion. This order shall constitute the entry of a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED** this 19th day of May, 2005.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA